Case 3:13-cv-02705-WQH-NLS  Document 20  Filed 06/16/14  PageID.408  Page 1 of 13



FILED

14 JUN 16 AM 8:25

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIET HOANG DUONG,<br><br>                     Plaintiff,<br>vs.<br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                    Defendant. | CASE NO. 13cv2705-WQH-NLS<br><br>ORDER |

HAYES, Judge:

    The matters before the Court are (1) the Motion to Dismiss and to Strike ("Motion to Dismiss"), filed by Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Defendant" or "SSA") (ECF No. 13), and (2) the Motion to Sever, filed by Plaintiff Viet Hoang Duong ("Plaintiff") (ECF No. 14).

## I.   Background

    On November 12, 2013, Plaintiff, represented by attorney Alexandra T. Manbeck ("Manbeck"), initiated this action by filing a Complaint in this Court. (ECF No. 1). The Complaint alleges that "[t]his is an action ... to obtain judicial review of a final decision by the defendant, the Commissioner of Social Security, denying the plaintiff's claim for Supplemental Security Income benefits under Title II and Title XVI of the Social Security Act...." *Id.* at 2. The Complaint alleges that jurisdiction is conferred by, *inter alia*, 42 U.S.C. § 405(g) and "the First and Fifth Amendments to the United States Constitution." *Id.*

- 1 -                  13cv2705-WQH-NLS

On February 7, 2014, Defendant filed the Motion to Dismiss, accompanied by evidentiary materials. (ECF No. 13). Defendant seeks dismissal of the Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

On February 17, 2014, Plaintiff filed the Motion Sever. (ECF No. 14). Plaintiff contends that this case was erroneously transferred pursuant to the "low number rule," S.D. Cal. Civil Local Rule 40.1, and consolidated with *Phan v. Colvin*, S.D. Cal. Case No. 13cv2096-WQH-NLS. On March 3, 2014, Defendant filed an opposition to the Motion to Sever. (ECF No. 15).

On March 4, 2014, Plaintiff filed an opposition to the Motion to Dismiss, accompanied by evidentiary materials. (ECF No. 16). On March 10, 2014, Defendant filed a reply in support of the Motion to Dismiss. (ECF No. 18).

**A.     Evidentiary Materials**

On June 28, 2011, Plaintiff filed applications with the SSA for a period of disability and disability insurance benefits and supplemental security income, which were denied initially on November 10, 2011, and upon reconsideration on May 11, 2012. (Weigel Decl., Exs. 1a & 1b, ECF Nos. 13-3 & 13-4). These denials list Plaintiff's address as 1744 Elfin Forest Rd., Apt. 157, San Marcos, California ("San Marcos address") and Manbeck's address as 4531 University Ave., San Diego, California ("San Diego address"). *Id.* The May 11, 2012 denial letter states that Plaintiff has 60 days to ask for a hearing, which starts "the day after you get this letter." (Weigel Decl., Ex. 1b, ECF No. 13-4 at 4). The May 11, 2012 letter states: "We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period. You must have good reason for waiting more than 60 days to ask for a hearing." *Id.*

On July 30, 2012, Plaintiff personally appeared at an SSA office and filed multiple requests for a hearing by an administrative law judge ("ALJ"). (Weigel Decl., Ex. 2, ECF No. 13-5; Weigel Decl., Ex. 3b, ECF No. 13-7 at 6; Pl. Ex. 5, ECF No. 16-5; Suppl. Borrowman Decl, Ex. 2, ECF No. 18-2). In one request, Plaintiff provided

his San Marcos address and provided Manbeck's San Diego address. (Suppl. Borrowman Decl, Ex. 2, ECF No. 18-2). In another request, Plaintiff indicated his address was 6432 O'Lea Ln., Apt. 101, Carlsbad, California ("Carlsbad address"), and indicated Manbeck's address was P.O. Box 449, Cross River, New York ("New York address"). (Pl. Ex. 5, ECF No. 16-5). In another request, Plaintiff provided his Carlsbad address, but did not give an address for Manbeck. (Weigel Decl., Ex. 3b, ECF No. 13-7 at 6). An SSA employee prepared a document entitled, "Request for Hearing by Administrative Law Judge," in which Plaintiff's address is listed as the San Marcos address and Plaintiff acknowledges that "the request for hearing is not timely filed." (Weigel Decl., Ex. 2 at 2, ECF No. 13-5).

Also on July 30, 2012, Plaintiff submitted to the SSA a "Statement of Good Cause." (Pl. Ex. 5, ECF No. 16-5 at 2; Borrowman Decl., Ex. 1, ECF No. 13-10 at 1). In the Statement of Good Cause, Plaintiff asserted that on July 27, 2012, he personally visited a Social Security Administration office "and was informed that [he] failed to timely file a request for a hearing." (Pl. Ex. 5, ECF No. 16-5 at 2). Plaintiff asserted that he "checked [his] mailbox on a daily basis," but he "never received the denial letter dated May 11, 2012." *Id.* Plaintiff asserted that "neither I nor my attorney ... received the May 11, 2012 Notice of Denial." *Id.*

On August 10, 2012, the SSA sent Manbeck a document at the New York address stating that a form she submitted was not able to be processed. (Pl. Ex. 6, ECF No. 16-6 at 2).

On August 22, 2012, the SSA sent a letter to Plaintiff at the San Marcos address and Manbeck at the San Diego address, which confirms Plaintiff's request for a hearing before an ALJ and "explains the hearing process and things that [Plaintiff] should do now to get ready for [the] hearing." (Pl. Ex. 9, ECF No. 16-7 at 12).

On September 26, 2012, the SSA sent a letter to Manbeck at the San Diego address, referencing Plaintiff's request for a hearing and enclosing a CD containing the SSA's file in Plaintiff's case. (Pl. Ex. 10, ECF No. 16-7 at 15). The SSA sent a copy

of the September 26, 2012 letter to Plaintiff at the San Marcos address. *Id.* at 16.

On November 16, 2012, the SSA sent a letter to Plaintiff at the San Marcos address, which contains the same information as the August 22, 2012 letter. (Pl. Ex. 11, ECF No. 16-7 at 18). On December 3, 2012, the SSA sent a letter to Plaintiff at the San Marcos address and Manbeck at the San Diego address, which contains the same information as the August 22, 2012 and the November 16, 2012 letters. (Pl. Ex. 12, ECF No. 16-7 at 20-21).

On May 20, 2013, the ALJ issued a two-page "Order of Dismissal." (Weigel Decl., Ex. 3a, ECF No. 13-6 at 4-5). The ALJ stated:

> These claims were denied initially on November 10, 2011 and upon reconsideration on May 11, 2012. Thereafter, the claimant filed an untimely written Request for Hearing on July 30, 2012. The claimant is represented by Alexandra T. Manbeck, Attorney at Law.
>
> An Administrative Law Judge may dismiss a Request for Hearing if the claimant did not request same within the stated time period and no extension of time has been granted.
>
> A Request for Hearing must be filed within 60 days after the date the claimant received notice of the previous determination (or within the extended time period if an extension of time has been granted). The notice of the previous determination is presumed to have been received 5 days after the date on the notice, unless the claimant can establish that she did not receive the notice within the 5-day period.
>
> An extension of time to file a Request for Hearing may be granted, but the request for the extension must be in writing and give the reasons why the request was not timely filed. If claimant can establish good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, the standards explained in 20 CFR 404.911 and 416.1411 are used.
>
> The claimant filed the Request for Hearing more than 65 days after the date of the notice of reconsideration determination and the claimant has not established that she did not receive this determination within 5 days of this date. Accordingly, it is untimely filed.
>
> The undersigned has considered the so-called 'Good Cause' statement dated July 27, 2012 of claimant but rejects the explanation for the untimely filing of the Request for Hearing. All notices were sent to 1744 Elfin Forest Road, Apt. 157 San Marcos, CA 92078. This is the same address that was listed in the claimant's initial application dated June 28, 2011, the claimant's Request for Hearing dated July 30, 2012 and Notice of Reconsideration dated May 11, 2012.
>
> There has throughout this matter been one consistent address (supra). The presumption is claimant received this notice absent a valid explanation to

> the contrary. None has been offered in the instant matter. Therefore, the explanation for untimely filing of the Request for Hearing is rejected.
>
> The Request for Hearing dated July 30, 2012 is dismissed and the Reconsideration Determination dated May 11, 2012 remains in effect.

*Id.* (citations omitted). The ALJ's decision was accompanied by a letter to Plaintiff dated May 20, 2013, signed by the ALJ, and addressed to Plaintiff's Carlsbad address and Manbeck's New York address. *Id.* at 1-3.

On June 15, 2013, Manbeck submitted a letter to the SSA Appeals Council appealing the ALJ's decision on behalf of Plaintiff. (Weigel Decl., Ex. 3b, ECF No. 13-7 at 1-7).

On August 29, 2013, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Weigel Decl., Ex. 4, ECF No. 13-8 at 1-2). The Appeals Council listed Plaintiff's Carlsbad address and Manbeck's New York address. *Id.*

### B. Allegations of the Complaint

Plaintiff has been disabled since 2008 because of a combination of medical impairments. (Compl. ¶ 4, ECF No. 1).

"Although the plaintiff submitted a request for reconsideration on time in 2011, he never received a response from SSA concerning his request. In mid-2012 he contacted the SSA office which told him that they did send him and [Plaintiff's] attorney Alexandra Manbeck a denial letter in March 2012," which neither Plaintiff nor Manbeck received. *Id.* ¶ 11.

"The Plaintiff requested the Appeals Council to review the ALJ's decision, mainly on the basis of the ALJ's total disregard of the fact that Plaintiff never received a notice of denials so that he could file a request for hearing within the time limit of 60 days. However, since March 2013, the SSA has waged a campaign of harassment against Plaintiff's attorney Alexandra Manbeck to prevent Plaintiff from appealing the ALJ's denial to the Appeals Council or to represent Plaintiff before the SSA." *Id.* ¶ 13. "The Defendant's sham sanctions against Plaintiff's attorney ... have chilled communications between Plaintiff and his attorney and caused Plaintiff severe trauma

and anxiety, as Plaintiff will have no attorney representing him before any administrative law judge either due to a remand or with respect to his current application for SSI benefits pending before the SSA, which he filed in May 2013 with his attorney's help." *Id.* ¶ 15.

The Complaint asserts eight causes of action. The first through sixth causes of action relate to Plaintiff's underlying claim for benefits, and includes the allegation that Defendant "violated Plaintiff's due process rights as guaranteed by the Fifth Amendment to the United States Constitution." *Id.* ¶ 28. With respect to the first through sixth causes of action, Plaintiff requests that the Court "[d]eclare that Defendant ... violated Plaintiff's due process rights in violation of the Fifth Amendment by denying plaintiff's benefits application summarily without affording plaintiff a fair hearing," and either find Plaintiff disabled under the Social Security Act and entitled to retroactive benefits, or alternatively, remand his claim for a hearing before an ALJ. *Id.* at 14.

The seventh and eighth causes of action relate to disciplinary proceedings the SSA has instituted against Manbeck, and allege violations of Plaintiff's due process and First Amendment rights. With respect to these causes of action, Plaintiff requests that the Court issue a preliminary injunction ordering the SSA to "refrain immediately from harassing Plaintiff's attorney and interfering with Plaintiff's relationship with his attorney," and issue a permanent injunction "perpetually enjoining and restraining Defendant from harassing Plaintiff's attorney in order to prevent Plaintiff from appealing this case in district court and from representing Plaintiff in concurrent and ongoing administrative proceedings." *Id.* at 13.

## II. Motion to Dismiss

### A. Contentions of the Parties

Defendant contends:

> Plaintiff requests two impermissible things in this civil action: first, judicial review under 42 U.S.C. § 405(g) of a claim that he did not administratively exhaust; and second, an injunction against disciplinary proceedings that the Commissioner of Social Security has initiated against

>his attorney, Alexandra Manbeck, Esq. Neither request is properly before the Court, and the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(1) and (b)(6).

(ECF No. 13-1 at 7). Defendant contends that the first through sixth causes of action of the Complaint should be dismissed for lack of subject-matter jurisdiction because there is no "final decision of the Commissioner after a hearing," as required for judicial review under 42 U.S.C. § 405(g), and no "colorable due process claim related to [Plaintiff's] alleged non-receipt of the [May 11, 2012] reconsideration decision." *Id.* at 18. Defendant contends that the seventh and eighth causes of action should be dismissed for lack of subject-matter jurisdiction because, *inter alia*, the causes of action are not ripe "because there is no final decision suspending or disqualifying Manbeck from representing anyone, and because she can continue to represent clients before the SSA until there is a final decision." *Id.* at 25.

With respect to the first through sixth causes of action, Plaintiff contends that the Court "has subject-matter jurisdiction based on Plaintiff's colorable due process claim and equitable estoppel." (ECF No. 16 at 2). Plaintiff contends that his "due process claim arises from the fact that the SSA never notified him that it denied his request for reconsideration by sending the denial to his former address, as well as to the former address of his attorney, leading him to file a request for hearing ... after the deadline." *Id.* Plaintiff contends that his "claim of equitable estoppel arises from the fact that after Plaintiff filed a late request for hearing, the Defendant approved not only once, but four times, his request for hearing and advised him to prepare for the hearing." *Id.* With respect to the seventh and eighth causes of action, Plaintiff contends that the "coercive effect" of the sanctions allegations against Manbeck establishes an actual injury to Plaintiff and is sufficient to establish ripeness. *Id.* at 17.

**B.  Subject-Matter Jurisdiction**

**1.  Standard of Review**

When a defendant files a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and attacks the factual basis for subject-matter jurisdiction, "the

district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). "The court need not presume the truthfulness of the plaintiff's allegations." *Id.* (citation omitted). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quotation omitted).

### 2. First Through Sixth Causes of Action

"Cases arising under the Social Security Act generally are not subject to review unless they challenge a 'final decision of the Secretary made after a [statutorily mandated] hearing.'" *Dexter v. Colvin*, 731 F.3d 977, 980 (9th Cir. 2013) (quoting 42 U.S.C. § 405(g); citing *Califano v. Sanders*, 430 U.S. 99, 108 (1977)).[1] "Because the SSA's decision whether, for good cause shown, to entertain an untimely hearing request ... is strictly discretionary, it is not final and thus not generally reviewable by a district court." *Id.* (citations omitted). "An exception to this rule exists for any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Id.* (quotation omitted).

In *Dexter*, the claimant's application for disability benefits was denied initially and on reconsideration. *See id.* at 979. The claimant then submitted a request for hearing that was several months late and an explanatory letter outlining the reasons for the untimely request. The letter stated: "I didn't realize I had to refile in any certain amount of time, and have been very sick and Mother has died of cancer. She was my

---

[1] Section 405(g) provides: "Any individual, after any final decision of the Commissioner of Social Security *made after a hearing* to which he was a party ... may obtain a review of such decision by a civil action ... brought in the district court of the United States...." 42 U.S.C. § 405(g) (emphasis added). Section 405(h) states that "[n]o findings of fact or decision of the Commissioner ... shall be reviewed ... except as herein provided." 42 U.S.C. § 405(h).

first concern, and now I need help." *Id.* The ALJ dismissed the claimant's hearing request for failure to show good cause, but only cited the statement by the claimant that she did not understand there was a deadline and did not address the other grounds for good cause outlined in the claimant's letter. *See id.* After the claimant brought suit, the district court dismissed the claimant's complaint for lack of subject-matter jurisdiction.

In *Dexter*, the Court of Appeals for the Ninth Circuit reversed and held that the claimant stated "a colorable due process claim because she presented a reason that constituted good cause under the Commissioner's regulations." *Id.* at 981. The Ninth Circuit stated: "Although the ALJ addressed (and reasonably rejected) the first reason [offered by the claimant for the delay], he did not acknowledge [the claimant's] other two reasons notwithstanding the SSA regulations [that] list them as '[e]xamples of circumstances where good cause may exist.'" *Id.* at 980 (quoting 20 C.F.R. § 404.911(b)). The Ninth Circuit stated that "if a claimant provides a facially legitimate reason that constitutes 'good cause' under the Commissioner's regulations, *see* 20 C.F.R. § 404.911(b), then due process requires that the ALJ address it." *Id.* at 981-82. The Ninth Circuit stated:

> While Dexter is *not* entitled to judicial review of the merits of the ALJ's good-cause decision, she *was* entitled to seek administrative review of that decision with the Appeals Council. The Appeals Council could not have made an informed decision to deny review without knowing what the ALJ's reasons were for rejecting Dexter's assertion that her mother's death and her own illness justified her delay.

*Id.* at 981. The Ninth Circuit remanded the case "to the district court to remand to the SSA to further consider Dexter's alternative grounds for good cause to file a late request for hearing on her ... application for benefits." *Id.* at 982.

In this case, Plaintiff's request for hearing was filed 15 days late, and was accompanied by a "good cause" statement in which Plaintiff declared under oath that "neither I nor my attorney had received the May 11, 2012 Notice of Denial." (Pl. Ex. 5, ECF No. 16-5 at 2). One of Plaintiff's July 30, 2012 request for hearing forms listed Plaintiff's Carlsbad address and Manbeck's New York address. These addresses are

different than the addresses listed on the May 11, 2012 reconsideration decision.

The ALJ's May 20, 2013 order dismissing the request for hearing stated:

> All notices were sent to 1744 Elfin Forest Road, Apt. 157 San Marcos, CA 92078. This is the same address that was listed in the claimant's initial application dated June 28, 2011, the claimant's Request for Hearing dated July 30, 2012 and Notice of Reconsideration dated May 11, 2012.
>
> There has throughout this matter been one consistent address (supra). The presumption is claimant received this notice absent a valid explanation to the contrary. None has been offered in the instant matter. Therefore, the explanation for untimely filing of the Request for Hearing is rejected.

(Weigel Decl., Ex. 3a, ECF No. 13-6 at 4-5). The ALJ's statement that "[t]here has throughout this matter been one consistent address," i.e., Plaintiff's San Marcos address, is not supported by the record. Not only did one of Plaintiff's July 30, 2012 request for hearing forms list Plaintiff's Carlsbad address, but Plaintiff's Carlsbad address is listed on the May 20, 2013 letter which was signed by the ALJ and accompanied the ALJ's May 20, 2013 order. *Id.* at 1. In addition, the ALJ failed to address Plaintiff's "good cause" statement that Manbeck also did not receive notice of May 11, 2012 notice of denial of reconsideration.

The SSA regulations state that the claimant not receiving notice of the relevant decision is an "[e]xample[] of [a] circumstance[] where good cause [for missing a deadline to request review] may exist." 20 C.F.R. § 404.911(b)(7). "[I]f a claimant provides a facially legitimate reason that constitutes 'good cause' under the Commissioner's regulations, *see* 20 C.F.R. § 404.911(b), then due process requires that the ALJ address it." *Dexter*, 731 F.3d at 981-82. Similarly, due process requires that the ALJ not base his decision entirely upon a misstatement of fact, i.e., that "[t]here has throughout this matter been one consistent address." (Weigel Decl., Ex. 3a, ECF No. 13-6 at 5). The Court finds that Plaintiff has stated a colorable due process claim. *See Dexter*, 731 F.3d at 981-82. With respect to the first through sixth causes of action in

the Complaint, the Motion to Dismiss is denied.[2] The proper remedy in this situation is not judicial review of the merits of the ALJ's good cause determination or the merits of Plaintiff's application for benefits, but a remand to the SSA for further consideration of Plaintiff's grounds for good cause. *See id.* at 982. Accordingly, the Court remands this action to the SSA to further consider Plaintiff's grounds for good cause, including the evidence in the record of Plaintiff's address change and Plaintiff's statement under oath that neither he nor his attorney received notice of the May 11, 2012 reconsideration decision.

### 3. Seventh and Eighth Causes of Action

The seventh and eighth causes of action in this case request the same relief requested by the Plaintiff (and others) in *Phan, et al. v. Colvin*, S.D. Cal. Case No. 13cv2036-WQH-NLS. *Compare Duong v. Colvin*, S.D. Cal. Case No. 13cv2705-WQH-NLS, Compl., ECF No. 1 at 13 (requesting a preliminary and permanent injunction preventing SSA disciplinary proceedings against Manbeck), *with Phan*, S.D. Cal. Case No. 13cv2036-WQH-NLS, First Am. Compl., ECF No. 7 at 49-50 (same). On February 25, 2014, the Court issued an Order in *Phan* finding that the *Phan* action was not ripe and dismissing the action without prejudice. *See Phan*, S.D. Cal. Case No. 13cv2036-WQH-NLS, ECF No. 22. In opposing Defendant's Motion to Dismiss in this action, Plaintiff relies upon the same declarations and exhibits which were submitted in opposition to the motion to dismiss filed in the *Phan* action. *See Duong*, S.D. Cal. Case No. 13cv2705-WQH-NLS, ECF No. 16-9 at 1-12 (affidavit of Shelly Schwartlander and attached exhibit, bearing the caption of the *Phan* action); *cf. id.*, ECF No. 1-2 through 1-11 (exhibits to Complaint related to the seventh and eighth causes of action). Plaintiff has identified no material changes in the status of the underlying disciplinary proceedings against Manbeck from the date the Court

---

[2] In a footnote, Defendant asserts that Plaintiff filed the Complaint in this Court fourteen days after the sixty-day statute of limitations in 42 U.S.C. § 405(g) had expired. (ECF No. 13-1 at 15 n.2). As discussed above, this Court does not have jurisdiction pursuant to § 405(g), and Defendant has pointed to no authority that § 405(g)'s limitations period applies to an action raising a colorable due process claim.

dismissed the *Phan* action to the present.

As discussed in the Court's dismissal Order in *Phan*, Plaintiff is challenging an agency action that has not yet become final. The SSA has served Manbeck with a Notice of Intent to Sanction, and Manbeck has filed an amended answer in response to the Notice of Intent to Sanction. *See Phan*, S.D. Cal. Case No. 13cv2036-WQH-NLS, ECF No. 10-4. There has been no evidentiary hearing, no decision by an ALJ, and no review by the Appeals Council. *Cf.* 20 C.F.R. §§ 404.1765; 404.1770; 404.1775; 416.1565; 416.1570; 416.1575. The most recent administrative action—issuance of the Notice of Intent to Sanction—is not "a definitive statement of [the] agency's position." *Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 780 (9th Cir. 2000). The Notice of Intent to Sanction does not have "the status of law" and does not "require[] immediate compliance with its terms." *Id.* As discussed in the dismissal Order in *Phan*, the Court finds that the issues are not fit for judicial decision at this time. *See Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.... Under these circumstances, where we have no idea whether or when ... a sanction will be ordered, the issue is not fit for adjudication.") (quotations omitted); *Sierra Club v. Nuclear Regulatory Comm'n*, 825 F.2d 1356, 1362 (9th Cir. 1987) ("We will not entertain a petition where pending administrative proceedings or further agency action might render the case moot and judicial review completely unnecessary.") (citation omitted).

As discussed in the dismissal Order in *Phan*, SSA policy allows representatives subject to the disciplinary process to "continue to represent claimants until a final decision" is issued by the Appeals Council. SSA Hearings, Appeals, and Litigation Manual I-1-1-55, 2013 WL 1280291 at *1. The Court finds that any hardship to Plaintiff "fairly traceable to ... the defendant," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), is outweighed by "the systemic interest in postponing adjudication due to lack of fitness." *Municipality of Anchorage v. United States*, 980 F.2d 1320,

1323 (9th Cir. 1992) (quotation omitted). The Court finds that the seventh and eighth causes of action do not adequately allege or demonstrate a ripe case or controversy in the constitutional sense, and even if they did, the Court would decline to exercise jurisdiction under the prudential component of the ripeness doctrine. *See Phan*, S.D. Cal. Case No. 13cv2036-WQH-NLS, ECF No. 22. As to the seventh and eighth causes of action, the Motion to Dismiss is granted, and the seventh and eighth causes of action of the Complaint are dismissed without prejudice.

### III. Conclusion

IT IS HEREBY ORDERED that the Motion to Dismiss is GRANTED in part and DENIED in part. (ECF No. 13). The Motion to Dismiss is granted as to the seventh and eighth causes of action of the Complaint; the seventh and eighth causes of action are dismissed without prejudice. Otherwise, the Motion to Dismiss is denied. The Motion to Sever is DENIED as moot. (ECF No. 14).

IT IS FURTHER ORDERED that this case is REMANDED to the SSA to further consider Plaintiff's grounds for good cause, including the evidence in the record of Plaintiff's address change and Plaintiff's statement under oath that neither he nor his attorney received notice of the May 11, 2012 reconsideration decision.

DATE: 6/13/14

WILLIAM Q. HAYES
UNITED STATES DISTRICT JUDGE